By i/ze Court,
Bronson, J.
This is not a sufficient bill of particulars. It contains several charges for “ cash” in different sums, from two dollars up to more than two thousand. But whether it was money lent to, or paid out for the defendant, or whether it was money received by him to the use of the plaintiffs does not appear. The defendant is also charged with “ one note $1000,” another note of the same amount, and “ one note $500.” Whether these notes were made by the defendant or by some one else, or whether they were sold to the defendant, or delivered to him for collection, is not stated. This is not the proper way to prepare a bill of particulars. It does not give the party the information which he has'a right to demand.
But the worst features in the bill are the 'general clauses in which the plaintiffs, who are merchants or manufacturers and keep books of account, claim each and all of the items in the bill on every day, except Sundays and the fourth of July, in a period of more than four years. They claim several millions of dollars in a case where the true amount probably does not exceed a few hundreds, and where the defendant insists that a belance is due to him. This is not a fair compliance with the judge’s order.
As a general rule, when the bill is not sufficient, the party should apply to a judge at chambers, who will make an 'order for further or better particulars ; and if a second insufficient bill is delivered, the party demanding it may then apply to the court. But where the first bill is so clearly evasive and *52 unsatisfactory as to show that the party delivering it did not intend to comply with the judge’s order, the other party may move the court at once, without obtaining a second order at chambers. (Purdy v. Warden, 18 Wend. 671.) Although
this bill is clearly insufficient, I am satisfied from the affidavits that no wrong was actually intended. The plaintiffs should therefore be allowed .to deliver further and better particulars of their demand on payment of the costs of this motion.
Ordered accordingly.